UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| TERRY KLEINPETER | CIVIL ACTION NO.  6:24-CV-01565 |
| VERSUS | JUDGE DAVID C. JOSEPH |
| CAJUN FAST TRACKS L L C ET AL | MAGISTRATE JUDGE DAVID J. AYO |

**REPORT AND RECOMMENDATION**

Before this Court is a MOTION TO REMAND (Rec. Doc. 10) filed by Plaintiff Terry Kleinpeter. The motion is opposed by Defendant Northgate Cajun Palms LLC ("Northgate"). (Rec. Doc. 12).  Plaintiff filed a Reply and a Supplemental Reply (Rec. Docs.  43).  The Court held oral argument on this matter on June 11, 2025. (Rec. Doc. 21). The undersigned issues the following report and recommendation pursuant to 28 U.S.C. § 636. Considering the circumstances of this case, the Court recommends that the instant be DENIED without prejudice at this time and that Kleinpeter be allowed to re-urge her Motion to Remand upon completion of jurisdictional discovery, if she so chooses.

Kleinpeter filed suit on October 11, 2024 in the 16th Judicial Court, St. Martin Parish, Louisiana. (Rec. Doc. 1-2). The petition alleged that Kleinpeter was injured in a go-cart accident on November 25, 2023 at Cajun Fast Track in Breaux Bridge, Louisiana and seeks damages for her personal injuries against Cajun Fast Tracks LLC ("Fast Tracks") and Northgate as the owner and/or operator of Cajun Fast Track. (*Id*. at ¶¶ 4-6).

 Northgate removed this case to this Court on November 14, 2024 based on diversity jurisdiction alleging that this Court has subject-matter jurisdiction under 28 U.S.C. § 1332 because the parties are diverse in citizenship and the amount in controversy exceeds the statutory minimum. (Rec. Doc. 1).  Northgate based its jurisdictional allegation of diversity on the contention that Fast Tracks, whose citizenship is not diverse from Kleinpeter's, was

improperly joined as a defendant and that its citizenship should not be considered in determining whether the court has subject-matter jurisdiction. (*Id.*) Northgate further alleges that Fast Tracks sold the go-cart track to Northgate in March of 2021 and that Fast Tracks has had "no operations, ownership interest, or any involvement with the track since the sale." (*Id.* at ¶ XII).

Kleinpeter filed the instant motion to remand arguing that the court lacks subject-matter jurisdiction because Fast Tracks and its "sole member/owner, [Lee] Venable, had and continue to have an interest in, and connection to, the Cajun Fast Track business." (Rec. Doc. 10-1, p. 2). On June 11, 2025, the Court held oral argument on this matter and allowed the parties conduct limited jurisdictional discovery regarding the ownership of Cajun Fast Track and the effect of that ownership on the issue of improper joinder. (Rec. Doc. 21). On July 16, 2025, the undersigned held a status conference to inquire the anticipated timeframe for the jurisdictional discovery. (Rec. Doc. 22). Following discussion, the parties agreed that they needed an additional 90 days to complete discovery. (Rec. Doc. 23). Since the instant motion will have to be supplemented anyway to include what was learned in jurisdictional discovery, the undersigned informed the parties that the most efficient option would be to terminate the instant motion and permit Kleinpeter to re-urge it.

For the foregoing reasons, IT IS RECOMMENDED that Plaintiff Terry Kleinpeter's MOTION TO REMAND (Rec. Doc. 10) be DENIED WITHOUT PREJUDICE at this time. IT IS FURTHER RECOMMENDED that Kleinpeter be permitted to re-urge her Motion to Remand upon completion of jurisdictional discovery, if she chooses to do so.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may

respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.

**THUS DONE** in Lafayette, Louisiana on this 17th day of July, 2025.

_____
**DAVID J. AYO**
**UNITED STATES MAGISTRATE JUDGE**